524 P.2d 1077

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Ruben Garza MUSQUIZ, Defendant-Appellant.**

**No. 11123.**

Supreme Court of Idaho.

July 8, 1974.

Jim R. Doolittle, Caldwell, for defendant-appellant.

W. Anthony Park, Atty. Gen., Wm. F. Lee, Deputy Atty. Gen., Hartwell H. K. Black, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Following the death of Vincente H. Suarez at Caldwell, Idaho, on January 22, 1972, from a stab wound, Ruben Garza Musquiz, the defendant-appellant, was charged by information with the crime of first degree murder. The defendant was tried before a jury on this charge and on April 14, 1972, found guilty of the crime of manslaughter. The defendant was then sentenced to the custody of the Idaho State Board of Corrections for an indeterminate period of time not to exceed fifteen (15) years. The defendant was charged with the crime under the provisions of I.C. § 18–604, and sentenced under the provisions of I.C. § 18–2205, as those statutory provisions appeared in the Penal and Correctional Code in effect at the time of the commission of the crime. [1]

Following entry of the judgment and commitment on April 17, 1972, the defendant filed his motion for reconsideration of sentence, urging the court that he should have been sentenced under the provisions of the Penal Code, I.C. § 18–4007, which provides a maximum sentence of ten years imprisonment for manslaughter as opposed

---

1. The Penal and Correctional Code was in effect from January 1, 1972, until March 31, 1972. S.L.1971, Ch. 143, § 6 provides that the P.C.C. shall be in full force and effect after January 1, 1972; S.L.1972, Ch. 336 re-enacted the prior Criminal Code and § 14 thereof fixed the effective date on April 1, 1972. S.L.1972, Ch. 336 was further amended by S.L.1972, Ch. 381, also effective April 1, 1972.

to the fifteen year maximum provided by the then repealed provisions of the Penal and Correctional Code (P.C.C.) which provided for a fifteen year sentence. I.C. § 18–2205(2). The trial court denied this motion, and this appeal was taken.

■ In his first assignment of error the defendant contends that the trial court erred in denying his motion for reconsideration of sentence. This presents the issue whether the legislature in repealing the P.C.C. and re-enacting the previous Criminal Code intended that a person (such as the appellant), who, having committed a crime while the P.C.C. was in effect, was later tried and found guilty after the repeal of the P.C.C., should be sentenced under the provisions of the P.C.C., or whether such person should be sentenced under the provisions of the re-enacted Criminal Code.

The legislature, in repealing the P.C.C., specifically considered situations such as presented here. In the act re-enacting the Criminal Code, S.L.1972, Ch. 336, the legislature specifically provided in Section 12 thereof:

"This act shall not impair or affect any act done, offense committed or right accruing, accrued, or acquired or liability, penalty, forfeiture or punishment incurred prior to [the] time this act takes effect, but the same may be enjoyed, asserted and enforced, prosecuted or inflicted, as fully and to the same extent *as if this act had not been passed.*" (Emphasis added.) S.L.1972, Ch. 336, § 12, p. 990.

Furthermore, at the same legislative session, 1972 S.L. Ch. 381, § 1, a new provision of the Criminal Code was enacted, setting forth a statement of legislative intent, which provided:

"18–100. Title, effect of prior law and statement of legislative intent.—

(1) This title is called the Criminal Code.

(2) Except as provided in subsection (3) of this section, this code does not apply to offenses committed prior to its effective date [April 1, 1972] and prosecu-

tions for such offenses shall be governed by the prior law, which is continued in effect for that purpose, as if this code were not in force. For the purposes of this section, an offense was committed prior to the effective date of this code if any of the elements of the offense occurred prior thereto.

(3) In any case pending on or after the effective date of this code, involving an offense committed prior to such date:

(a) procedural provisions of this code shall govern, insofar as they are justly applicable and their application does not introduce confusion or delay;

(b) provisions of this code according a defense or mitigation shall apply, with the consent of the defendant;

(c) the court, with the consent of the defendant, may impose sentence under the provisions of this code applicable to the offense and the offender.

(4) The purpose of this code is to re-establish the criminal laws of the state of Idaho that existed on December 31, 1971, unless otherwise specifically amended or repealed by this act.

Any provision of law that was in effect on December 31, 1971, is not repealed by inference or implication by enactment of this code.

(5) Any reference to the Penal and Correctional Code in effect on and between January 1, 1972 and March 31, 1972 (Chapter 143, Session Laws of 1971) shall be deemed to refer to a comparable provision in this code. [I.C., § 18–100, as added by 1972, Ch. 381, § 1, p. 1103.]

The defendant, in support of his position, has cited three cases: In re Estrada, 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 (1965); In re Fink, 67 Cal.2d 692, 63 Cal.Rptr. 369, 433 P.2d 161 (Cal.1967), and State v. Tapp, 26 Utah 2d 392, 490 P.2d 334 (1971).

In the Estrada case, supra, the Supreme Court of California held that when a statute mitigating punishment becomes effec-

tive after the commission of the prohibited act, but before final judgment, the lesser punishment provided by the new law should be imposed. This same rule was applied in the Fink case, supra. The Utah court in State v. Tapp, supra, held that when a defendant was tried and the judgment and sentence entered subsequent to an amendment reducing the penalty for possession of marijuana, such defendant was entitled to the benefit of the lesser penalty rather than the penalty in effect at the time the offense was committed. See also, State v. Pontier, 95 Idaho 707, 518 P. 2d 969 (1974), where a defendant was charged with possession of marijuana, a felony, at the time of the offense; subsequently the law was amended and this court held that the defendant should have been punished for a misdemeanor instead of for a felony.

In all the foregoing cases the courts were dealing with different statutory provisions than are present in this case. See, I.C. § 37–2748 (S.L.1971, Ch. 215) cited in State v. Pontier, supra. Considering the provisions of the statute involved herein, S.L.1972, Ch. 336, § 12, and I.C. § 18–100 (S.L.1972, Ch. 381, § 1), and in particular I.C. § 18–100(3)(c), it is our conclusion that the legislature, in a situation as is here presented, specifically left it optional with a trial court in sentencing a defendant convicted of a crime under the provisions of the P.C.C. to determine whether such defendant should be punished under the provisions of the P.C.C., or under the provisions of the Criminal Code. Therefore, the trial court did not err in sentencing the defendant under the provisions of the P.C.C., nor did it err in denying defendant's motion for reconsideration of his sentence.

■ Defendant's second assignment of error is to the effect that the trial court erred in admitting into evidence a bloodstained knife, exhibit 3, over his objection. The defendant contends that the state did not establish a proper foundation adequately linking the knife to him. Four different witnesses testified that during the course of the altercation which resulted in the victim's death, they observed a knife being held by the defendant. One witness, Mrs. Perez, the wife of the owner of the tavern where the altercation took place, testified she saw the defendant with a knife and described it as "long with a white handle, it wasn't too wide, about as wide as my finger I would say." She also stated that upon examination of exhibit 3 it looked like the one she had previously seen. Mrs. Perez's description conforms closely to that of exhibit 3.

At the time of the defendant's apprehension, he did not have a knife in his possession. However, right after the altercation he fled from the tavern with the knife still in his hand, and ran down an alley near the bar. A couple of days later, Mrs. Perez testified, while looking for a knife she found one, identified as exhibit 3, behind a barrel in the alley, along the route travelled by the defendant immediately after the altercation. She testified that when she found the knife it was not hidden from sight but, "[i]t was like they threw it there." Mrs. Perez did not handle the knife at that time, but called the police who came and picked it up.

It is the conclusion of the court that the record contains sufficient evidence to connect the knife to the defendant for its admission in evidence, and there was no error in the trial court admitting it. State v. Thomas, 94 Idaho 430, 489 P.2d 1310 (1971); State v. Rodriguez, 93 Idaho 286, 460 P.2d 711 (1969); State v. Cofer, 73 Idaho 181, 249 P.2d 197 (1952).

■ Finally, in his argument defendant contends that it was error for the trial court to reject for admission in evidence state's exhibit 16 which is a large pocket knife with a black handle. The state offered this exhibit for admission in evidence, but the court sustained the defendant's objection to its admission. On appeal the defendant inferentially argues that its exclusion was error. A defendant cannot assert error in the trial court's exclusion of evidence when the trial court excluded that

evidence on the basis of the defendant's objection to its admission. State v. Daugherty, 94 Idaho 232, 486 P.2d 243 (1971). We find no merit in appellant's argument that the trial court should have admitted state's exhibit 16 in evidence.

The judgment of the trial court is affirmed.

SHEPARD, C. J., and DONALDSON and BAKES, JJ., concur.

McQUADE, Justice (dissenting).

I am unable to agree with the majority's conclusion that the record in this action contains sufficient evidence to connect the knife found in the alley with the defendant-appellant, Ruben Garza Musquiz, for its admission in evidence.

It has been held that a weapon need not be positively identified to be admissible, but in the absence of positive identification, there must be sufficient circumstantial evidence to justify a reasonable inference that the weapon had been used by the accused.[1]

After reviewing the record, it is concluded that there is insufficient circumstantial evidence to connect the knife found in the alley with Musquiz. The record discloses that Musquiz was seen brandishing a knife before the stabbing incident, and two knives were found in areas frequented by Musquiz shortly after the stabbing. One knife was found in a restroom that Musquiz entered after the stabbing, and the knife contained no blood stains or fingerprints. This knife was found in the initial investigation which immediately followed the death of the victim and was not admitted into evidence. The other knife was found in an alley that Musquiz ran through in attempting to escape from the scene of the stabbing. This knife was not discovered until two days after the stabbing, and was discovered by the victim's wife. The knife did contain human blood stains. The testimony concerning the description of the knife was in conflict, and there was no positive identification of either knife as the one possessed by Musquiz. Because the knife with the blood stains was found in an alley open to the public two days after the stabbing incident, and because the blood stained knife was not identified as the one possessed by Musquiz, there was insufficient circumstantial evidence to justify a reasonable inference that the knife was used in the stabbing and that the knife was used by Musquiz. The trial court abused its discretion in allowing the blood stained knife to be admitted into evidence, and therefore the judgment of conviction should be reversed.

[1]. State v. Thomas, 94 Idaho 430, 489 P.2d 1310 (1971); State v. Rodriquez, 93 Idaho 286, 460 P.2d 711 (1969); State v. McKenna, 78 Idaho 647, 309 P.2d 206 (1957).