**Jerry Lynn BRAGG, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2502.**

Supreme Court of Alaska.

Feb. 25, 1977.

Kermit E. Barker, Jr., Ruskin, Barker & Hicks, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and ERWIN, Justices.

BOOCHEVER, Chief Justice.

Appellant Jerry Lynn Bragg appeals from a fifteen-year sentence for robbery [1] which resulted from his plea of guilty to AS 11.15.240.[2] Appellant claims that the sentence was excessive.

■ Our role in reviewing sentences imposed by the trial courts is to insure that sentences effectuate the purposes of the Alaska Constitution and the sentencing statute.[3] In carrying out our role as an appellate court, we have stated those goals which the trial court must consider.[4] Our standard of review on a sentencing is to determine whether or not the trial court's imposition of sentence was "clearly mistaken."[5]

■ We have examined the record in this case and note that prior to imposition of this sentence, the trial court properly considered all the criteria set forth in *State v. Chaney, supra.* We therefore turn to the circumstances surrounding Mr. Bragg's sentence to determine whether or not the sentence was "clearly mistaken."

Mr. Bragg is twenty-four years old and was sentenced for robbery of a Quik Stop with a firearm. The trial court properly considered the fact that armed robbery is a serious offense posing potential physical harm. It also considered psychiatric evaluations, the pre-sentence report and the defendant's past drug problems. Of particular significance is Mr. Bragg's extensive prior criminal record. The instant offense represents the defendant's sixth felony conviction. He was convicted of burglary twice in 1971, of two counts of forgery in 1972, of burglary in a dwelling in 1973 and of escape from confinement in 1971. The present offense was committed while Bragg was on probation for the 1973 burglary of a dwelling. As a result of that probation violation, defendant's probation was revoked, and his ten-year sentence reimposed to run concurrently with the armed robbery sentence now before the court. Defendant's record also shows numerous misdemeanors including reckless driving in 1968, petty larceny in 1969, as well as juvenile incarcerations for burglary and statutory rape. In addition, defendant's probation for the 1973 burglary was conditioned on his remaining at Family House. Mr. Bragg twice escaped from there in 1974. In spite of these escapes, the trial court had permitted the defendant to remain on probation.

A fifteen-year sentence is the maximum sentence. It is severe and reserved for the "worst" type of offender.[6] Under the circumstances of the crime committed in this

1. An additional escape charge was dismissed.

2. AS 11.15.240 states:
   *Robbery.* A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

3. Alaska Constitution art. I, § 12. AS 12.55.-120.

4. In *Cleary v. State,* 548 P.2d 952, 953 (Alaska 1976), and *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970), we stated these considerations to be: (1) rehabilitation of the convicted offender into a non-criminal member of society; (2) isolation of the offender from society to prevent criminal conduct during the period of confinement; (3) deterrence of the other members of the community who might have tendencies toward criminal conduct similar to those of the offender; (4) deterrence of the offender himself after release; and (5) community condemnation of the individual offender, or in oth-

er words, the affirmation of societal norms for the purpose of maintaining respect for the norms themselves. To make a reasoned sentence decision, the sentencing judge must determine the priority and relationship of these objectives in any particular case.

5. *Cleary v. State, supra* at 954 n.8; *Nicholas v. State, supra* at 449; *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

6. *State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975); *Galaktionoff v. State,* 486 P.2d 919, 924 (Alaska 1971). Also, in *Donlun v. State,* 527 P.2d 472, 475 (Alaska 1974), we stated:
   The American Bar Association has stated that in the vast majority of cases prison sentences are significantly higher than are needed to adequately protect the interests of the public and that, except for cases involving *particularly* serious offenses, dangerous offenders and professional criminals, maximum prison terms ought not to exceed five years. (emphasis in original)

case and the criminal background of the defendant, the trial court was justified in treating appellant as one of the worst type of offenders and imposing the maximum sentence.

AFFIRMED.

BURKE, J., not participating.