Leonard Corwin BIBLER, Appellant,

v.

STATE of Alaska, Appellee.

No. 3353.

Supreme Court of Alaska.

Sept. 2, 1977.

R. Samuel Pestinger, Pettyjohn & Pestinger, Anchorage, for appellant.

Charles M. Merriner, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

---

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

PER CURIAM.

Leonard Corwin Bibler appeals from a sentence of three years imprisonment[1] upon his conviction of the crime of robbery in violation of AS 11.15.240.[2] Accompanied by two other individuals, aged eighteen and seventeen respectively, Mr. Bibler, who was then twenty years of age, participated in the robbery of a drive-in theatre. While one of his companions held a loaded .44 calibre magnum revolver on the attendant, Bibler removed $998.00 from the cash drawer.

The pre-sentence report indicates that Bibler withdrew from high school at grade eleven and has had a sketchy employment record. He admitted using all kinds of drugs and did odd jobs to get money to buy drugs. He has no prior convictions.

 Robbery by use of a revolver is a serious crime[3] involving great risk of injury or death for which the legislature has authorized a sentence of not more than fifteen years nor less than one year.[4] Despite Bibler's youth and lack of a prior record, we cannot say that the trial judge was clearly

---

mistaken[5] in imposing the sentence of three years.

AFFIRMED.

---

1. The judge recommended that he serve his time at Eagle River, a facility located near Anchorage, Alaska.

2. AS 11.15.240 provides:
   *Robbery.* A person, who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

3. *See, e. g., Cleary v. State,* 548 P.2d 952, 955 (Alaska 1976).

4. In other robbery cases, we have found imposition of substantial sentences not to be clearly mistaken. *See Bragg v. State,* 560 P.2d 391 (Alaska 1977) (15-year sentence); *Davenport v. State,* 564 P.2d 69 (Alaska 1977) (two concurrent ten-year sentences remanded but not held excessive); *Marks v. State,* 557 P.2d 1136

(Alaska 1976) (five-year sentence on first felony conviction); *Bradley v. State,* 535 P.2d 1031 (Alaska 1975) (five-year sentence); *Holloway v. State,* 535 P.2d 467 (Alaska 1975) (five-year sentence); *Roehl v. State,* 521 P.2d 1240 (Alaska 1974) (two concurrent six-year sentences); *Hixon v. State,* 508 P.2d 526 (Alaska 1973) (ten-year sentence); *Hawthorne v. State,* 501 P.2d 155 (Alaska 1972) (ten-year sentence); *Robinson v. State,* 492 P.2d 106 (Alaska 1971) (ten-year sentence); *cf. Benefield v. State,* 559 P.2d 91 (Alaska 1977) (fifteen-year sentence for armed robbery).

5. Our standard for review of sentences is to ascertain whether the trial judge was clearly mistaken in imposing a particular sentence. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).