**William COLLINS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3378.**

Supreme Court of Alaska.

Feb. 24, 1978.

David C. Backstrom, Deputy Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

David C. Stewart, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

RABINOWITZ, Justice.

William Collins entered a guilty plea to an information which charged him with the crime of armed robbery in violation of AS 11.15.240 and AS 11.15.295.[1] After a sentencing hearing, the superior court imposed a sentence of 15 years.[2] Appellant claims that the sentence is excessive.

In this sentence appeal, Collins has advanced two lines of argument in support of his contention that the superior court was "clearly mistaken" in imposing a maximum sentence of 15 years.[3] First, Collins argues that he is not "the worst type of offender," as that term was defined in *State v. Wortham,* 537 P.2d 1117 (Alaska 1975). Secondly, appellant contends that the sentencing court erred in imposing sentence without considering the goal of rehabilitation in any meaningful way.[4] We will examine these contentions in light of the record in order to determine whether the superior court was "clearly mistaken."

The armed robbery in question was committed while Collins was at large after escaping from the Billerica House of Corrections in Billerica, Massachusetts, while serving a sentence of 18 months for the crime of burglary. The record shows that Collins accumulated five prior felony convictions

1. AS 11.15.240 provides: "A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years or less than one year."

   AS 11.15.295 provides in part: "A person who uses or carries a firearm during the commission of a robbery . . . is guilty of a felony and upon conviction for a first offense is punishable by imprisonment for not less than 10 years. Upon conviction for a second or subsequent offense in violation of this section, the offender shall be imprisoned for not less than 25 years."

2. The term of imprisonment was the maximum under AS 11.15.240 but exceeded the minimum (10 years) under AS 11.15.295.

3. This court's standard of review in sentence appeal matters is to determine whether or not the trial court's imposition of sentence was "clearly mistaken." *Cleary v. State,* 548 P.2d 952, 954 n. 8 (Alaska 1976); *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

4. Art. I, § 12 of the Alaska Constitution provides, in part, that "Penal administration shall be based on the principle of reformation and upon the need for protecting the public." In regard to the purposes of sentencing, we have stated that one of the goals to be achieved is "rehabilitation of the convicted offender into a non-criminal member of society." *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970).

before committing the subject armed robbery.[5] As to the robbery, the record reveals that on October 24, 1976, at about 3:20 a. m., Collins, armed with a small caliber pistol, entered the 26th Street Market in Fairbanks wearing a ski mask and gloves. Collins approached the cash register, pointed the pistol at the clerk, and proceeded to remove approximately $170 from the register. During the course of the robbery, Collins stated to the clerk, "Don't move or else." Collins fled from the store and was apprehended shortly thereafter.[6]

From the presentence report and supporting materials, we are able to glean the following facts concerning appellant's background. At the time the robbery was committed, Collins was 27 years old and had been married and divorced. Two children, ages four and two, were born of this marriage. Collins enlisted in the Marine Corps in 1967 and after combat service in Vietnam received an honorable discharge in 1970. Collins states that he first used illicit drugs while in Vietnam. The presentence report further indicates that Collins had no difficulties with the law until after his discharge from military service.

In stating his overall evaluation of Collins, the author of the presentence report concluded:

> Collins may not be a professional criminal, certainly his most current crime was not professionally executed, but he is certainly a frequent offender. It should also

be noted that this crime is not the first which Collins has committed involving a firearm nor is it the first involving violence. Collins appears to be a dangerous offender who has not been able to correct his behavior even though he has been given a wide range of sentences for his past crimes. He has been treated both sternly and leniently by courts. None of that previous court experience has served to improve his behavior.[7]

■■■ In light of the foregoing, giving particular emphasis to the character and circumstances of the crime, as well as to Collins' extensive criminal background, there was ample justification for the superior court's characterization of Collins as one of the "worst type of offenders."[8] Further, our review of the record convinces us that the sentencing court did in fact carefully consider the goal of rehabilitation together with other objectives of sentencing in determining to impose a maximum sentence.[9] Considering Collins' extensive prior record, his past inability to control his antisocial conduct, and the dangerous nature of the crime of armed robbery, we cannot agree with appellant's contention that the superior court failed to accord the goal of rehabilitation sufficient weight in reaching its sentencing decision.

■■ We therefore conclude that the superior court was not "clearly mistaken" in

---

5. Collins was convicted on three separate occasions of the crime of breaking and entering; on one occasion possession of burglary tools; and once of unlawful possession of a sawed-off shotgun. Additionally, our record indicates Collins has been convicted of disorderly conduct on six occasions, as well as being convicted of the crimes of escape and using an automobile without authority.

6. According to the presentence report:
Collins has made no written statement concerning this offense but he has discussed it briefly. He said prior to the robbery he was out of work and hadn't eaten in four days. He said he wanted money to buy food and prior to the robbery he had been shoplifting sandwiches from the Badger Store. He said he had only been in Fairbanks about three weeks before he was arrested.

7. The author of the presentence report further commented:
It is likely that nothing this court does will have a rehabilitative effect on Collins. Nevertheless, it is possible a substantial sentence of imprisonment will have a deterrent effect on Collins' future behavior. Even though he has frequently been in jail in the past he evidently has never served an extensive period of incarceration. In fact, he was beginning his most lengthy sentence when he last escaped.

8. See, e. g., Bragg v. State, 560 P.2d 391, 392 (Alaska 1977); State v. Wortham, 537 P.2d 1117, 1120 (Alaska 1975); Galaktionoff v. State, 486 P.2d 919, 924 (Alaska 1971).

9. State v. Chaney, 477 P.2d 441, 443 (Alaska 1970).

sentencing Collins to 15 years' imprisonment for the crime of robbery.

Affirmed.