**Gerald F. PUTNAM, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4226.**

Supreme Court of Alaska.

Oct. 5, 1979.

Deborah A. Paquette, Asst. Public Defender, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Paul E. Olson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

This is a sentence appeal.

Defendant pleaded nolo contendere to the offense of armed robbery in violation of AS 11.15.240 [1] and AS 11.15.295.[2]  He was sen-

---

1. AS 11.15.240 reads as follows:
   "*Robbery.*  A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year."

2. AS 11.15.295 states:
   "*Use of firearms during the commission of certain crimes.*  A person who uses or carries

tenced to fifteen years imprisonment. Three years were suspended with defendant to be on probation during the suspended period. It was ordered that the sentence was to be served consecutively to another sentence that the defendant was serving pursuant to a parole revocation. The latter sentence was to terminate in April of 1979. It was further ordered that the defendant not be eligible for parole until eight years of the sentence has been served.

The record in this case reveals that at the time of sentencing, defendant was twenty-six years old. He left home at age sixteen and first came to Alaska in 1971 while serving in the United States Army. In 1973 he was convicted of assault and battery. In 1973 he was convicted of armed robbery. While on probation in 1974, he was convicted of assault and battery. In 1975 he was convicted of his second armed robbery, and was also convicted for carrying a concealed weapon. The case at bar represents his third conviction for armed robbery.

Defendant is severely addicted to opiates, including heroin. He has used drugs since 1969.

In this appeal defendant argues that his sentence is excessive and that the superior court did not adequately consider the rehabilitation of the defendant as a sentencing objective. He contends that a sentence of fifteen years, with five to seven years suspended, with a provision that he participate in a drug treatment and vocational rehabilitation program upon his release on parole, would better reflect the factors set forth in *State v. Chaney*, 477 P.2d 441 (Alaska 1970).

In view of the failure of past efforts at rehabilitating the defendant, the danger he poses to the community, and the seriousness of his past and present offenses, it is our opinion that in imposing the sentence that it did, the court was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 814 (Alaska 1974).

AFFIRMED.

a firearm during the commission of a robbery, assault, murder, rape, burglary, or kidnapping is guilty of a felony and upon conviction for a first offense is punishable by imprisonment for not less than 10 years. Upon conviction for a second or subsequent offense in violation of this section, the offender shall be imprisoned for not less than 25 years."