Bob L. **OWEN**, Appellant,

v.

**STATE of Alaska,** Appellee.

No. 4231.

Supreme Court of Alaska.

Oct. 12, 1979.

Patrick J. McKay, Pettyjohn and Pestinger, Anchorage, for appellant.

Paul E. Olson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

This is a sentence appeal.

The appellant pleaded nolo contendere to the offense of armed robbery in violation of AS 11.15.240 [1] and AS 11.15.295.[2] He was sentenced to thirteen years imprisonment, with three years suspended and with appellant to be placed on probation during the suspended period.[3]

The appellant and his co-defendant, Gerald Putnam, entered a drug store in Anchorage in January of 1978. After Putnam held the pharmacist at gun point, the robbers took about $396 and six bottles of narcotic drugs from the premises.

The record in this case reveals that at the time of sentencing the appellant was twenty-five years old. He had worked primarily as a truck driver. He had used heroin first in 1972, after having been given other opiates in connection with medical treatment. In 1977 he started to use dilaudid, when he could obtain it, as a substitute for heroin.

In 1972 appellant was convicted of robbery and was placed on probation for three years, with ninety days to serve. He also was convicted of shoplifting in 1977.

1. AS 11.15.240 reads as follows:
   "*Robbery.* A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year."

2. AS 11.15.295 states:
   "*Use of firearms during the commission of certain crimes.* A person who uses or carries a firearm during the commission of a robbery, assault, murder, rape, burglary, or kidnapping is guilty of a felony and upon conviction for a first offense is punishable by imprisonment for not less than 10 years. Upon conviction for a second or subsequent of-

fense in violation of this section, the offender shall be imprisoned for not less than 25 years."

3. In the judgment and commitment, service of ten years in a correctional facility is made a "special condition" of probation, along with other items. However, the earlier part of the document expresses the intention to sentence Owen to 13 years imprisonment, with three of those years to be suspended, with the appellant to be placed on probation during the suspended period. This means that Owen may be paroled during the service of his ten year sentence to be served, and he would be on probation for three years from the time he is released on parole.

In this appeal, appellant contends that the sentence imposed on him was excessive, that the superior court was clearly mistaken in characterizing him as a consistent perpetrator of this type of crime, that appellant's potential for rehabilitation was not adequately considered by the court, that armed robbery was basically a crime against property, and that appellant's severe drug dependence or addiction, which caused him to commit robbery, should be a mitigating factor in determining his sentence.

After reviewing the record, we find appellant's arguments to be unpersuasive, either because they are not borne out by the record or because they are not legally persuasive. It appears to us that the superior court properly applied the principles developed in our earlier decisions,[4] that the court properly evaluated the various sentencing objectives, and that the court was not clearly mistaken in imposing the sentence that it did. *McClain v. State*, 519 P.2d 811, 814 (Alaska 1974).

AFFIRMED.

---

**4.** *Johnson v. State*, 580 P.2d 700 (Alaska 1978); *Middleton v. State*, 577 P.2d 1050, 1055–56 (Alaska 1978); *Collins v. State*, 574 P.2d 1278, 1280 (Alaska 1978); *Parks v. State*, 571 P.2d 1003 (Alaska 1977); *Cleary v. State*, 548 P.2d 952 (Alaska 1976).