**Russell SUNDBERG, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. 5270.**

Court of Appeals of Alaska.

May 21, 1981.

Dana Fabe, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage; and Wilson Condon, Atty. Gen., Juneau, for appellee.

Before COATS and SINGLETON, JJ., and BLAIR, Superior Court Judge.

## OPINION

COATS, Judge.

Russell Sundberg was convicted of grand larceny [1] and receiving or concealing stolen

---

v. Penn. Millers Mut. Ins. Co., 116 Ga.App. 433, 157 S.E.2d 807 (1967); Gilman v. Commonwealth Ins. Co., 112 Me. 528, 92 A. 721 (1914).

1. Former AS 11.20.140 reads as follows:

Larceny of money or property. A person who steals money, goods, or chattels, or a government note, a bank note, promissory note, bill of exchange, bond, or other thing in action, or a book of accounts, order or certificate concerning money or goods due or to become due or to be delivered, or a deed or writing containing a conveyance of land or interest in land, or a bill of sale, or writing containing a conveyance of goods or chattels or interest in them, or any other valuable contract in force, or a receipt, release, or defeasance, or a writ, process, or public record, which is the property of another, is guilty of larceny. Upon conviction, if the property stolen exceeds $100 in value, a person guilty of larceny is punishable by imprisonment in the penitentiary for not less than one nor more than 10 years. If the property

property.[2] He was sentenced to ten years on the grand larceny charge and three years concurrent on the receiving or concealing stolen property charge. Sundberg has appealed the convictions and sentences to this court.

Sundberg was convicted of being an accessory to the theft of a trailer which was stolen from a service station. The trailer contained approximately $15,000 worth of property including 272 tires, 120 innertubes, a generator, and a heater.

At trial the state presented the testimony of two people who actually stole the trailer, Charlie Sistrunk and John Phillips.[3] Charlie Sistrunk, also known as John Book, testified that he originally saw the trailer by the service station. He approached Sundberg to ask him if he had a place to hide the property if he stole it. Sundberg located a warehouse where the property could be hidden. Phillips was hired by either Sundberg or Sistrunk to assist in the theft.

According to Sistrunk and Phillips, on November 30, 1979, Sundberg drove them down to a different service station where Sistrunk had seen a truck that he believed he could steal and then use to haul away the trailer. Sundberg let Sistrunk and Phillips out near that service station and drove off. Phillips and Sistrunk tried to start the truck but were unable to do so. Sundberg then picked up Sistrunk and Phillips and drove them to another location where Sistrunk had seen another truck. Sundberg again dropped Sistrunk and Phillips off and drove away. Sistrunk and Phillips were able to start the second truck. They took the truck over to the service station where the trailer was, hooked up the trailer, and drove off. Sundberg was not present when the trailer was hooked up to

the truck. Shortly after the theft Sistrunk and Phillips saw Sundberg's truck and flashed their lights so he would recognize them. They followed Sundberg to a warehouse. Sistrunk and Phillips unloaded the tires and Sundberg stacked them. After unloading the trailer, Sistrunk and Phillips drove it to an empty lot and abandoned the truck and trailer. Sundberg then picked up Sistrunk and Phillips and drove them to their residence.

The state also presented evidence that Sundberg attempted to sell the tires. Sid Bouschor, a tire dealer, testified that on November 30, 1979, Sundberg took him to the warehouse to see if he was interested in buying some tires that had "come up missing from a service station." After leaving Sundberg, Bouschor contacted the police. Anchorage Police Officer Michael Grimes, in plain clothes, was assigned to accompany Bouschor back to his place of business where Bouschor introduced Grimes to Sundberg as someone who was interested in buying tires. Grimes, Bouschor and Sundberg went out to see the tires. Grimes testified Sundberg offered to sell him the tires for $5,000.

## THE CONVICTION FOR GRAND LARCENY AND RECEIVING OR CONCEALING STOLEN PROPERTY

Sundberg argues that he should not have been convicted for both grand larceny of the tires and other property and receiving or concealing the same property. In *Pierce v. State*, 627 P.2d 211, 219 (Alaska App., April 23, 1981), we held that a person could not be convicted of receiving or concealing stolen property and stealing the same property. In *Pierce* we reserved the question of whether someone who was con-

---

stolen does not exceed $100 in value, the person, upon conviction, is punishable by imprisonment in a jail for not less than one month nor more than one year, or by fine of not less than $25 nor more than $100.

2. Former AS 11.20.350 reads as follows:

*Buying, receiving, or concealing stolen property.* A person who buys, receives, or conceals money, goods, bank notes, or other thing which may be the subject of larceny

and which has been taken, embezzled, or stolen from another person, knowing it to have been taken, embezzled, or stolen, is punishable by a fine of not more than $1,000 and by imprisonment for not less than one year nor more than three years.

3. Both Sistrunk and Phillips testified in exchange for not being prosecuted on this case and another unrelated burglary case.

victed strictly on a theory of aiding or abetting a theft offense could also be convicted of receiving or concealing stolen property. *Id.* at p. 219. Sundberg was not present when the trailer was actually taken and he was convicted on an aiding or abetting theory. We see no reason, however, to treat Sundberg differently from Pierce. It does not make sense to say that Sundberg could not be convicted for receiving or concealing stolen property if he had aided Sistrunk and Phillips in hitching up the truck but could be convicted of that charge if he merely was not present at that particular time. Accordingly, we hold that on these facts Sundberg could not be convicted of both receiving or concealing stolen property and grand larceny.

Sundberg argues that if we decide that he cannot be convicted of both charges, then we should reverse his conviction and award him a new trial because the jury should have been instructed, as he requested, that he could not be convicted of both charges. There is some authority which would seem to support this position. *See Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961); *People v. Jaramillo*, 16 Cal.3d 752, 129 Cal.Rptr. 306, 548 P.2d 706 (Cal.1976).

■ Sundberg has neither suggested to us nor can we ascertain from the record any way in which he might have been prejudiced by having both charges submitted to the jury. In our view the better reasoned cases do not require a reversal where both the theft offense and a receiving or concealing stolen property offense are submitted to the jury. *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976); *State v. Botta*, 27 Ohio St.2d 196, 271 N.E.2d 776 (1971).

Alaska cases which involve analogous situations suggest that Sundberg is not entitled to a new trial. In *Robinson v. State*, 487 P.2d 681, 682 (Alaska 1971), the supreme court held it was not error to submit

a robbery count to the jury along with a count of use of a firearm during the commission of a felony even though, constitutionally, only one sentence could be imposed on these charges since the same facts established both charges. Similarly, the supreme court held in *Gilbert v. State*, 598 P.2d 87, 91 (Alaska 1979), that it was not error for the court to submit to the jury a charge of assault with a dangerous weapon along with a charge of using a firearm during the commission of an assault, even though the charges were multiplicious and only one sentence constitutionally could be imposed. We therefore conclude it was not error to submit both the grand larceny charge and the receiving or concealing stolen property charge to the jury. However, because under our interpretation of the Alaska statutes Sundberg cannot be convicted of both grand larceny and receiving or concealing stolen property, we remand the case to the trial court to vacate Sundberg's conviction and sentence for receiving or concealing stolen property.

## SENTENCE APPEAL

Sundberg was sentenced to ten years for his conviction for grand larceny,[4] the maximum possible sentence. His record reflects that he has two prior felony convictions, for burglary not in a dwelling in 1971 and larceny in a building in 1974. Additionally, Sundberg has been convicted of several misdemeanors since 1970 and has numerous traffic offenses.

It is apparent that Sundberg, thirty years old at the time of sentencing, has developed a consistent pattern of theft offenses. The offense for which Sundberg was sentenced was aggravated by the fact that a large amount of property, an estimated $15,000 worth, was involved. In addition the crime involved considerable planning.

■ The trial judge found that Sundberg was in the category of worst offenders. He emphasized the planning that went into the

---

4. Sundberg received a concurrent sentence of three years, on the receiving or concealing stolen property count. The trial judge regarded the receiving or concealing charge as part of a single criminal transaction. Because of our disposition of the receiving or concealing charge we will consider only the sentence on the grand larceny charge.

offense, the value of the property involved, and Sundberg's lengthy record and poor attitude. We agree with the trial judge that a lengthy sentence was justified. But, we also note that under the current criminal code Sundberg's crime would have been charged as theft in the second degree under AS 11.46.130.[5] Theft in the second degree is a class C felony and the maximum sentence is five years.[6] We believe that this recent expression of legislative intent is a factor which should be considered in judging Sundberg's sentence.[7] Since this issue was not addressed in the trial court, we believe that a remand for resentencing is the most appropriate procedure.

The case is remanded to the superior court to vacate the conviction and sentence for receiving or concealing stolen property, and for resentencing in accordance with this opinion.

BRYNER, C. J., not participating.

---

5. AS 11.46.130 reads as follows:

   *THEFT IN THE SECOND DEGREE.* (a) A person commits the crime of theft in the second degree if he commits theft as defined in § 100 of this chapter and

   (1) the value of the property or services is $500 or more but less than $25,000;

   (2) the property is a firearm or explosive; or

   (3) the property is taken from the person of another.

   (b) Theft in the second degree is a class C felony.

6. AS 12.55.125(e) reads as follows:

   A defendant convicted of a class C felony may be sentenced to a definite term of imprisonment of not more than five years, and shall be sentenced to the following presumptive terms, subject to adjustment as provided in AS 12.55.155—12.55.175:

   (1) if the offense is a second felony conviction, two years;

   (2) if the offense is a third felony conviction, three years.

7. Another factor which the trial court should consider in imposing Sundberg's sentence is that a sentence "ought not to exceed ten years except in unusual cases and normally should not exceed five years." ABA Standards, Sentencing Alternatives and Procedures § 2.1 at 1 (Approved Draft, 1971); *Pascoe v. State*, 628 P.2d 547 (Alaska, 1980).