George E. VIVEROS, Appellant,

v.

STATE of Alaska, Appellee.

No. 5530.

Court of Appeals of Alaska.

Sept. 3, 1981.

Phillip Paul Weidner, Drathman & Weidner, Anchorage, for appellant.

Paul E. Olson, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, Wilson L. Condon, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

PER CURIAM.

This is a sentence appeal following resentencing ordered by the supreme court in *Viveros v. State*, 606 P.2d 790 (Alaska 1980). Following a jury trial, Viveros was convicted of armed robbery under former AS 11.-15.240 and AS 11.15.295.[1] On appeal the supreme court held that a disjunctive in the jury instructions invalidated Viveros' conviction under AS 11.15.295, leaving stand his conviction for robbery under AS 11.15.-240. The state elected not to retry Viveros for armed robbery, and resentencing was required by the supreme court opinion since the 15-year sentence originally imposed could have been affected by the sentence enhancement provision of AS 11.15.295.[2]

On resentencing, Viveros received a sentence of 12 years' imprisonment. He claims the sentencing judge, who was also the trial judge, erroneously based this sentence on a belief that Viveros carried a firearm during the robbery. At the resentencing, the judge stated his belief that he could consider the evidence he had heard at trial. Most of his comments show a careful understanding of just what the undisputed evidence proved: that Viveros had carried something tucked in his belt, that the victim believed it was a gun, and that the victim was scared as if it were a gun. Undeniably, in imposing sentence the judge emphasized that Viveros had committed the robbery by showing the store clerk the handle of something she took to be a gun.

We cannot accept Viveros' contention that the judge was precluded from considering this undisputed evidence from the trial. *Alexander v. State*, 611 P.2d 469, 482 (Alaska 1980), holds to the contrary. The supreme court did not command that resentencing take place without reference to the details of the robbery, only without reference to the ten-year minimum sentence provision of AS 11.15.295. The record does not show that this provision played any part in the sentence.[3]

Viveros also contends his sentence is excessive in light of the ABA standard, approved in *Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974), and in other cases, that prison terms over five years should not be imposed except for particularly dangerous

1. Repealed effective January 1, 1980.

2. The supreme court expressed no opinion on the length of Viveros' sentence. 606 P.2d at 794 n.5.

3. In the only explicit reference to the sentencing statutes, the judge stated, "I think that if the state had only brought the basic charge of robbery and forgot about the armed robbery with the enhanced requirement of a ten year sentence I doubt if I'd have imposed a sentence that was much different that the sentence I imposed." Comparison of the transcript of the original sentencing and the resentencing supports this assertion. The judge had not mentioned the enhancement provision at the first proceeding, although counsel did a few times. Similar to his approach at resentencing, the judge originally emphasized Viveros' record and the fact that he had committed a robbery by causing great fear to the victim.

offenses and dangerous offenders. ABA Standards, Sentencing Alternatives and Procedures, § 2.1 (app. draft 1968). Viveros points to an ABA definition of "dangerous," which essentially equates "dangerousness" with mental abnormality; he points out that his psychiatric report finds him quite normal.

We find three flaws in his argument:

One, as this court has repeatedly stated, the five-year rule is a guideline, not a mandatory limit. *Tritt v. State*, 625 P.2d 882, 888 & n.9 (Alaska App. 1981); *Nix v. State*, 624 P.2d 825, 827 & n.5 (Alaska App. 1981); *Edenshaw v. State*, 631 P.2d 506 at 507 & n.3 (Alaska App. 1981).

Two, neither this court nor the supreme court has adopted the definition of "dangerous" which Viveros quotes. Indeed, the supreme court has specifically approved sentences of ten years or more for robbery defendants not dangerous under the above definition by who have shown persistent criminal behavior attributable to a drug or alcohol problem. *See, e. g., Grant v. State*, 602 P.2d 1249 (Alaska 1979); *Putnam v. State*, 600 P.2d 1096 (Alaska 1979); *Good v. State*, 590 P.2d 420, 423–25 (Alaska 1979); *Bragg v. State*, 560 P.2d 391 (Alaska 1977).

■ Three, the ABA Standards on which Viveros relies have changed in significant respects.[4] Standard 18–2.1 now provides in part:

(e) For most offenses, the maximum prison term authorized ought not to exceed ten years and normally should not exceed five years. Longer sentences should be reserved for particularly serious offenses [5] committed by particularly dangerous offenders, but such sentences should only be authorized or imposed in accordance with specific criteria established by the legislature and its guideline drafting agency and should require a specific finding of dangerousness based on

repetitive criminality in accordance with standards 18–2.5(c) and 18–4.4 and reached under the special procedures required by 18–6.5.

(Footnote added.) The commentary criticizes the pure psychiatric approach of the earlier draft, expressly recommending that a finding of "dangerousness" for purposes of a lengthier sentence not be based on psychiatric predictions but on a history of repeat criminality. Commentary at 18.123 to .128, especially .127 & n.31. The new standards use the phrase "dangerous or habitual offender" to describe the person for whom a long sentence may be appropriate. Standard 18–2.5(b). Standard 18–4.4(c) defines the habitual offender as someone previously convicted of two felonies, when less than five years have elapsed between the current conviction and a prior felony and when the defendant has already served a term of imprisonment in excess of a year. Viveros fits within the 1980 ABA definition of a habitual offender and so within the ABA's category of a person on whom a sentence in excess of ten years may be imposed. Thus, under the latest ABA position on sentencing, Viveros' 12-year sentence is not excessive.

■ Viveros' other arguments are also without merit. Viveros objected to what he perceived as a finding that he was not a likely candidate for rehabilitation. Such a finding is supported by substantial evidence in the record and is not clearly mistaken. Viveros has previously participated in at least four drug rehabilitation programs and has become readdicted to heroin following each one. No evidence compels a finding that this time will be different. Viveros also claims that the court erred in basing a long sentence on his prior record, since his record reveals a man with a drug problem, not a professional criminal. Obviously, a man's past record is a very significant fac-

---

4. *See* ABA Standards for Criminal Justice (2d ed. 1980).

5. The commentary notes that the Model Penal Code treats robbery as one of the particularly serious offenses. Commentary at 18.53. *See*

*Cleary v. State*, 548 P.2d 952, 955 (Alaska 1976) (robbery is among the most serious crimes); *Griffith v. State*, 578 P.2d 578, 582 (Alaska 1978) (robbery is a very serious crime, particularly where a weapon is used).

tor in sentencing.[6] That past crimes are all drug-related is a factor the sentencing court should consider, but a drug abuse problem does not excuse crimes and does not require a particular approach in sentencing.[7]

Finally, Viveros contends in general terms that his sentence is excessive compared to sentences imposed on other robbery defendants. Viveros recognizes that comparisons are never determinative and that sentencing must depend on the particular facts and circumstances surrounding the offense and the offender. Viveros cites statistics to show that between 1974 and 1979, relatively few robbery sentences exceeded five years.[8] However, we have found numerous cases which affirm sentences in excess of ten years when the nature of the offense and, especially, the background of the offender make such lengthy sentences appropriate.[9] In comparison with other cases, Viveros' sentence may be a little more severe than usual for robbery where no firearm was proved and no one was hurt, but it is not clearly mistaken.

We will amend Viveros' sentence so that it contains an explicit recommendation that Viveros receive drug abuse treatment while in prison. As amended, his sentence is AFFIRMED.

6. The presumptive sentencing scheme of the new criminal code, the latest legislative expression of appropriate punishments for crimes, heavily emphasizes a defendant's criminal record. *See* AS 12.55.125. The new code explicitly states that drug addiction is not a mitigating factor. AS 12.55.155(g).

7. Multiple cases affirm rather lengthy jail sentences for robbery defendants with serious drug problems. *See e. g., Grant v. State*, 602 P.2d 1249 (Alaska 1979) (10 years); *Putnam v. State*, 600 P.2d 1096 (Alaska 1979) (15 years with 3 suspended); *Good v. State*, 590 P.2d 420, 423–25 (Alaska 1979) (15 years); *Parks v. State*, 571 P.2d 1003, 1005–06 (Alaska 1977) (7 years with 2 suspended); *Bragg v. State*, 560 P.2d 391 (Alaska 1977) (15 years); *Cleary v. State*, 548 P.2d 952, 955–57 (Alaska 1976), *after remand*, 564 P.2d 374 (Alaska 1977) (10 years consecutive to 5-year federal sentence). *See generally Morris v. State*, 592 P.2d 1244, (Alaska 1979); *Daniels v. State*, 584 P.2d 47, 49

(Alaska 1978); *Johnson v. State*, 580 P.2d 700, 703 (Alaska 1978). *Cf. Nielsen v. State*, 627 P.2d 1077, at 1079 (Alaska 1981) (imposition of 20-year sentence upon revocation of probation for stabbing or cutting with intent to wound or maim upheld where defendant had a history of alcohol-related violence and violated probation by consuming alcohol).

8. An analysis prepared by the appellant in *Walls v. State*, 598 P.2d 949, 951 n.6 (Alaska 1979), shows a mean of 8.5 years and a mode of 10 years for robbery sentences.

9. *See, e. g.,* cases cited in note 7, *supra.* By contrast, reported cases involving robbery sentences approximately five years typically involve youthful offenders without substantial records. *See, e. g., Williams v. State*, 600 P.2d 1092 (Alaska 1979); *Bibler v. State*, 568 P.2d 9 (Alaska 1977); *Marks v. State*, 557 P.2d 1136 (Alaska 1976).