Russell P. SUNDBERG, Appellant,

v.

STATE of Alaska, Appellee.

No. 6322.

Court of Appeals of Alaska.

Oct. 8, 1982.

Dana Fabe, Public Defender, Anchorage, for appellant.

Eugene P. Murphy, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before COATS and SINGLETON, JJ., and BLAIR, Superior Court Judge.*

OPINION

SINGLETON, Judge.

This is a sentence appeal following resentencing after remand in *Sundberg v. State,* 636 P.2d 619 (Alaska App.1981). The facts of the case are set out there and will not be repeated here. In our opinion we affirmed Sundberg's conviction for grand larceny, but ordered the trial court to vacate Sundberg's sentence for receiving or concealing stolen property. We noted that Sundberg had been sentenced to ten years for his conviction for grand larceny, the maximum possible sentence. We further noted that his record reflected two prior felony convictions for burglary not in a dwelling in 1971, and larceny in a building in 1974; that Sundberg had been convicted of many mis-

---

* Blair, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

demeanors; that Sundberg's current theft was aggravated by the fact that extensive property was involved, valued at roughly $15,000; and that the theft was premeditated. We noted in passing the trial judge's characterization of Sundberg as a worst offender, but concluded that Sundberg's crime under the new criminal code would have been charged as theft in the second degree under AS 11.46.130, permitting a maximum sentence of five years. Reasoning that this recent expression of legislative intent should be considered by the trial judge, even though not strictly applicable to Sundberg's offense, we remanded the case for resentencing.

Judge Rowland held a hearing on August 25, 1981, and after expressly considering the new code and the sentences available under it, reduced Sundberg's grand larceny sentence from ten years to eight years. The trial court expressly noted that Sundberg would be eligible for parole prior to the running of the three-year presumptive term to which he would be subject under the new code (and under which he would be ineligible for parole). Defense counsel raised a question, however, as to whether or not a conviction subsequent to the crime considered here, the sentence for which was expressly made consecutive to the sentence to be imposed for grand larceny in this proceeding, would affect Sundberg's parole eligibility for this offense. On reflection, Judge Rowland decided to retain the eight-year term.

■ Sundberg's current appeal challenges his most recent sentence in two particulars. First it is contended that Judge Rowland's references to parole violated the holding in *Kelly v. State,* 622 P.2d 432, 436 (Alaska 1981), which makes reliance on an expectation that the defendant will receive early parole an impermissible sentencing consideration. *See also Jackson v. State,* 616 P.2d 23, 24–25 (Alaska 1980). Secondly, Sundberg argues his sentence is excessive. Having carefully considered Judge Rowland's remarks in the context of Sundberg's record, we find no error and affirm. First, we believe Judge Rowland's remarks properly interpreted simply use parole eligibility as a factor that generally distinguishes sentences under the old code from presumptive sentences under the new. It does not appear that Judge Rowland assumed Sundberg would be paroled at any specific time, once the consecutive sentence was brought to his attention.

Sundberg's second complaint causes us more concern. A number of cases stand for the proposition that when a defendant is tried and the judgment and sentence entered, subsequent to an amendment to a statute reducing the penalty for the crime for which he is convicted, he should be entitled to the benefit of the lesser penalty rather than the penalty in effect at the time the offense was committed. *See, e.g., In Re Estrada,* 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 (Cal.1965), and *State v. Tapp,* 26 Utah 2d 392, 490 P.2d 334 (1971). In *Tapp* the court justified its conclusions as follows:

> There are several considerations which in our mind tend to support our conclusion that where an enactment reducing the penalty for an offense has become effective prior to the conviction, a defendant is entitled to the benefit thereof by having penalty imposed in accordance with the law at the time of the sentence. The first of these is that it is the prerogative of the legislature, expressing the will of the people, to fix the penalties for crimes; and the courts should give effect to the enactment and the effective date thereof as so declared. There are some other fundamental principles engrained in our law which, though not directly controlling on the problem at hand are generally in harmony with the policy considerations which lead to the conclusion we have reached herein. One of these is that to insist on the prior existing harsher penalty is a refusal to accept and keep abreast of the process which has been continuing over the years of ameliorating and modifying the treatment of antisocial behavior by changing the emphasis from vengence and punishment to treatment and rehabilitation. In the same tenor are

time-honored rules of the criminal law generally favorable to one accused of a crime: that in case of doubt or uncertainty as to the degree of the crime, he is entitled to the lesser; and correlated thereto: that as to an alternative between a severe or lenient punishment, he is entitled to the latter. [*Id.,* at 335–36 (footnotes omitted).]

█ In *State v. Musquiz,* 96 Idaho 105, 524 P.2d 1077, 1080 (1974), the court refused to follow these cases where the more lenient penalty provisions were part of a total code revision. The court reasoned, consistent with *Tapp* that legislative intent should control, and noted that the legislature in adopting the new Idaho code had specifically determined the extent of its applicability to pending cases. In enacting our new code, the Alaska legislature made specific reference to the applicability of its sentencing provisions to pending cases:

> Sections 1–12 of this Act [which included all the revisions of AS Titles 11 and 12] do not apply to or govern the construction of and punishment for any offense committed before the effective date of this Act or the construction or application of any defense to a prosecution for the offense. An offense shall be construed and punished according to the law existing at the time of the commission of the offense in the same manner as if this Act had not become law.

Ch. 166, § 23(f), SLA (1978). Clearly, the legislature did not intend that Sundberg have the benefit of the new sentencing code. *See Bradley v. United States,* 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973). Nevertheless, while not binding on the trial court, the new code does give an indication of current legislative intent and, absent factors in a specific case warranting a harsher sentence, the defendant should be sentenced within the range of sentences provided by the new code, at least to the extent that his conduct corresponds exactly to conduct prohibited by a specific provi-

sion, or provisions of the new code. In this case we find factors warranting a more severe sentence.[1]

█ We recognize that "except for cases involving particularly serious offenses, dangerous offenders and professional criminals, maximum prison terms should not exceed five years." *Pascoe v. State,* 628 P.2d 547, 550 (Alaska 1980). However, the five-year rule is a guideline, not a mandatory limit. *See Viveros v. State,* 633 P.2d 289, 291 (Alaska App.1981). Also, in our jurisprudence and under the new ABA Standards,[2] dangerousness is equated with repetitive criminality, not necessarily with violence. *Id.* Thus, a repeat offender is, for sentencing purposes, a dangerous offender. Sundberg clearly qualifies for a sentence in excess of five years, under this definition as a dangerous offender.

In conclusion, Sundberg's extensive criminal record prevents our characterizing his eight year sentence as clearly mistaken. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentence of the superior court is AFFIRMED.

COATS, Judge, dissenting.

I do not believe that Sundberg should receive a sentence in excess of five years. As we pointed out in *Sundberg v. State,* 636 P.2d 619, 622 (Alaska App.1981), Sundberg's crime, if committed under the current criminal code, would have constituted theft in the second degree under AS 11.46.130. Theft in the second degree is a class C felony with a maximum sentence of five years. Since Sundberg's conviction would be his third felony offense, he would be subject to a presumptive sentence of three years under the current criminal code unless aggravating or mitigating factors were established under AS 12.55.155. The state has not suggested that any aggravating factors would apply in Sundberg's case.

---

1. This case is distinguishable from *Leuch v. State,* 633 P.2d 1006 (Alaska 1981), for Sundberg, unlike Leuch, has two prior felony convictions.

2. ABA Standards For Criminal Justice 18–2.1 (2d ed. 1980).

There is likewise no suggestion that the state could have filed any charge but theft in the second degree under the current criminal code. It seems apparent that had Sundberg's crime been committed a little over one month later, when the current criminal code was in effect, he would have received a presumptive sentence of three years. Under the current criminal code, Sundberg would not be eligible for parole on his presumptive three year sentence. AS 33.15.180. He would receive one day of good time for every three days of good conduct. AS 33.20.010.

In *Whittlesey v. State,* 626 P.2d 1066, 1068 (Alaska 1980), the supreme court recognized the validity of referring to the current criminal code in setting an appropriate sentence under the former criminal code. The court said:

> The State and Whittlesey, in their briefs, take opposite positions with respect to the significance of the sentencing provisions of the new criminal code for cases in which they do not control. The comprehensive and explicit standards of the new criminal code are the most recent expressions of legislative policy in the highly subjective realm of sentencing. They are the result of long and careful deliberation by that body. We agree with Whittlesey that the sentencing provisions of the new criminal code are useful and relevant in the determination of an appropriate sentence under the present circumstances . . . .

It seems to me only fair to look to the current criminal code as a guide to whether Sundberg's sentence is appropriate, particularly where Sundberg's crime took place just before the current code came into effect and where he was actually sentenced when the current code was in effect.

Using the current criminal code as a guide, I believe that a sentence of eight years is too severe compared to the sentence which Sundberg would receive under the current criminal code, even when I consider the fact that his parole would be restricted on a sentence under the current code. I believe that the maximum sentence which could be justified under these circumstances would be a sentence of five years.

BRYNER, C.J., not participating.