**George E. RUSSELL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2096.**

Court of Appeals of Alaska.

April 1, 1988.

Mary E. Guss, Law Offices of Clifford H. Smith, Ketchikan, for appellant.

Mark L. Ells, Dist. Atty., Ketchikan, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

 George E. Russell was convicted, following a jury trial, of sexual abuse of a minor, a class C felony. Former AS 11.41.-440(a)(2). Superior Court Judge Thomas E. Schulz sentenced Russell to five years' imprisonment on this charge. Russell subsequently entered pleas of guilty to two addi-tional counts of sexual abuse of a minor, in violation of former AS 11.41.440(a)(2), and three counts of second-degree sexual abuse of a minor, in violation of AS 11.41.-436(a)(2), a class B felony. Judge Schulz imposed several consecutive sentences on these charges totaling nineteen years. He further imposed these sentences consecu-tively to Russell's original five-year sen-tence. Thus, Russell's composite sentence totaled twenty-four years' imprisonment.

Russell appealed to this court, arguing that his sentences were improperly imposed and were excessive. In reviewing the case, we concluded that Judge Schulz may have felt that he was required to impose consec-utive sentences under our decision in *Grif-fith v. State*, 675 P.2d 662 (Alaska App. 1984). We therefore remanded to Judge Schulz for reconsideration in light of *State v. Andrews*, 707 P.2d 900 (Alaska App. 1985), *aff'd*, 723 P.2d 85 (Alaska 1986). On resentencing, Judge Schulz imposed a com-posite sentence of twenty-four years' im-prisonment, but suspended ten of those years. Russell again appeals his sentence as excessive. We reverse.

In 1977, Russell was convicted of sexual abuse of a minor in the State of Washing-ton. Russell received a three-year deferred sentence with three years' probation. Rus-sell was ordered to participate in a sexual offender program. In 1980, Russell com-pleted his probation, and the charge was dismissed.

The first count of the present offenses occurred in 1983. Russell was convicted of having sexual contact with a seven-year-old boy. The assault occurred during a one-year period when the boy was attending a day-care center operated by Russell's wife. During this year, on numerous occasions, Russell would put his hand inside the boy's pants and fondle the boy's penis. In sen-tencing Russell on this first count, Judge Schulz also found sufficiently verified in-formation that Russell had sexual contact on several occasions with another child, age four.

The other counts of sexual abuse in-volved charges that Russell was having

sexual contact with his stepdaughter while he was on bail release from the previous sexual abuse charge. At least one incident apparently occurred after Russell had been convicted and was awaiting sentencing.

In *State v. Andrews*, 707 P.2d at 912, we indicated that for aggravated cases of sexual assault we would tend to find sentences in excess of fifteen years to be clearly mistaken. In *Andrews*, however, we were discussing either class A or unclassified felonies involving sexual penetration. Russell correctly points out that he was convicted of class C and class B felonies involving sexual contact. Russell has committed felonies which the legislature has classified as less serious than the offenses which we discussed in setting our fifteen-year bench mark sentence. This is an important factor in determining an appropriate sentence for Russell.

On the other hand, in *Andrews*, the cases that we discussed generally involved first offenders. Russell had formerly been convicted of a felony involving sexual contact in Washington. He also had been given an opportunity for treatment in connection with that offense. He thereafter committed the crime of sexual abuse of a minor. Subsequently, while on bail release for the sexual abuse of a minor charge, he committed further offenses involving sexual contact with his stepdaughter. Russell's record and the psychiatric reports show that he is a pedophile for whom rehabilitation is questionable. Still, Russell does not meet the definition of a dangerous offender—an offender who must be isolated for the maximum term in order to protect the public—as we have defined that term in the past.

The standard we have applied in making this determination is consistent with Standard 18–4.4(c) of the ABA Standards for Criminal Justice. This standard defines a "habitual offender" as one who has been convicted of at least two prior felonies, committed on different occasions, within five years of the present offense, and who has previously served a sentence in excess of one year. III *Standards for Criminal*

*Justice* § 18–4.4(c) (1986); *Skrepich v. State*, 740 P.2d 950, 955–56 (Alaska App. 1987); *Viveros v. State*, 633 P.2d 289, 291 (Alaska App.1981). As we said in *Skrepich*, "any prediction that an offender is incapable of being deterred and must be isolated for the protection of the community is necessarily rendered speculative where the offender has never previously been subjected to any substantial sentence of incarceration." 740 P.2d at 955.

We have quoted frequently the ABA Standards on sentencing for the proposition that for most offenses, the maximum prison term "ought not to exceed ten years and normally should not exceed five years." [1] We also note that Russell's most serious offenses were class B felonies, which have a maximum sentence of ten years. AS 12.55.125(d). The presumptive sentence for a third felony offender convicted of a class B felony is six years.[2] AS 12.55.125(d)(2). Nothing indicates that Russell's conduct included acts that would have qualified as a more serious class of felony. *Benboe v. State*, 698 P.2d 1230, 1232–33 (Alaska App. 1985) (although defendant was convicted of a class B felony, in determining appropriate sentence, the court could consider the fact that his actions would have constituted a class A felony). Thus, although we consider Russell to be a serious offender because of his pattern of offenses, we do not believe that we can justify a sentence in excess of ten years' actual incarceration. We believe that probation supervision and a substantial suspended sentence is also appropriate in this case to protect the public following Russell's eventual release from incarceration. We therefore find the sentence of twenty-four years with ten years suspended to be clearly mistaken. We remand directly to the trial court to impose a sentence of fifteen years with five years suspended.

The sentence is REVERSED.

---

**1.** III *Standards For Criminal Justice,* § 18–2.1(e) (1986).

**2.** Russell is a first felony offender as defined in the Revised Criminal Code. AS 12.55.185(4).