George L. **GARROUTTE**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. 1704.

Supreme Court of Alaska.

April 13, 1973.

Lawrence J. Kulik, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for appellant.

Stephen G. Dunning, Asst. Dist. Atty., Seaborn J. Buckalew, Jr., Dist. Atty., Anchorage, John E. Havelock, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ. [FITZGERALD, Justice, not participating.]

CONNOR, Justice.

Garroutte appeals his conviction by a jury for the crime of receiving and concealing stolen property, in violation of AS 11.20.350. His sole claim of error is that a certain remark made by the prosecutor in his final argument appealed to the jury's prejudice, thus constituting reversible error.

Garroutte was charged with receiving and concealing a Volkswagen sedan automobile, knowing it to have been stolen. His defense was that he did not know the car had been stolen. In the course of trial, several references were made to Garroutte's association with the "Brothers," a motorcycle gang of some notoriety in the Anchorage, Alaska, area. The initial reference to the group was made by a prosecution witness, the woman from whom the

Volkswagen had been stolen, who testified on direct examination that she knew of Garroutte's associates as the "Brothers." During cross-examination of two other prosecution witnesses, defense counsel made repeated reference to the "Brothers" and inquired about the group's involvement in the case. Each of the five witnesses called to corroborate Garroutte's innocent possession defense testified that he was a member of the "Brothers."

In the course of final argument, the prosecutor attacked the credibility of the defense witnesses in the following terms:

"If you are going to let the defendant go, you are going to give the Brothers a license to steal because there's no—any case you can name they can come up with a story exactly like the one they've come up with in this case."

█ Since no objection was raised when this remark was made, we must be satisfied that the occurrence at trial amounted to plain error before we will reverse.[1] This Court has previously devoted extensive analysis to the considerations underpinning a determination that alleged misconduct constitutes plain error.[2] We deem it unnecessary to reiterate this analysis here. Suffice it to say that an appellant asserting plain error for the first time on appeal must shoulder the heavy burden of demonstrating that the alleged misconduct raises a substantial and important question.[3] Where the misconduct fails to rise to the level of plain error, considerations of judicial economy dictate that we deal with the matter summarily.

We have considered the prosecutor's remark in the context of the record of this case. We note that defense counsel himself repeatedly probed witnesses about the "Brothers'" activities, both during cross-examination of prosecution witnesses and on direct examination of all of the defense witnesses. Similarly, in closing argument, defense counsel referred repeatedly to the "Brothers" and their reputation for nefarious activity.

█ We do not find this an occasion on which we must either express approval or disapproval of the prosecutor's remark. We are satisfied that it did not amount to such a play upon the fears, sympathies, passions, or prejudices of the jury as to amount to plain error. Accordingly we decline to dissect the myriad possible ramifications of the "license to steal" interjection, except insofar as we hold that it did not constitute plain error under Alaska Rule of Criminal Procedure 47(b).

Affirmed.

FITZGERALD, J., not participating.

1. Rule 47(b) of the Alaska Rules of Criminal Procedure provides:
   (b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

2. Cf. Bakken v. State, 489 P.2d 120, 127–129 (Alaska 1971, dissenting opinion of Justice Erwin).

3. See 3 Wright, Federal Practice and Procedure § 856, at 373 (1969), commenting on Rule 52(b) of the Federal Rules of Criminal Procedure (identical to Alaska R.Crim.Pro. 47(b)):
   The power to notice a plain error, whether at the request of counsel or on the court's own motion, is one that the courts exercise cautiously and only in exceptional circumstances. [Footnotes omitted.]