Donald Jessie **DARLING**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. 1807.

Supreme Court of Alaska.

April 8, 1974.

Susan Burke, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for appellant.

Robert B. Downes, Asst. Dist. Atty., Monroe N. Clayton, Dist. Atty., Fairbanks, John E. Havelock, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, Justices.

OPINION

RABINOWITZ, Chief Justice.

In this appeal Donald Darling claims that the superior court erred in denying his motion for new trial. Darling's primary assertion is that he was deprived of a fair trial by virtue of certain remarks made by

the prosecutor in the course of his final argument to the jury.[1]

■ Darling's first line of attack on the prosecutor's final argument centers upon the latter's characterization of him as a dealer in narcotics.[2] In previous opinions this court has said that counsel in final argument to the jury should generally confine his remarks to the "range of reasonable inferences which could be drawn from the evidence." Gafford v. State, 440 P.2d 405, 414 (Alaska 1968).[3] In the case at bar, we think the prosecutor's characterization of Darling as a dealer in narcotics had an evidentiary basis and was within the range of reasonable inferences deducible therefrom.[4] Thus, we conclude that this aspect of the prosecutor's final argument did not in any manner cause Darling to be deprived of a fair trial.

■ This brings us to the second of Darling's attacks on the prosecutor's closing argument to the jury. Darling contends that the state's attorney personally vouched for the honesty and reliability of the government's principal witness which constitutes reversible error. Although this court previously has not had occasion to comment on this subject, case law from other jurisdictions establishes that it is improper for a prosecuting attorney to express his personal belief as to the reliability of a witness, whether to bolster the state's case or to discredit the credibility or reliability of defense witnesses.[5] The vice sought to be guarded against by such a rule is the introduction into evidence of the unsworn testimony of counsel in which he states either explicitly or implicitly that his opinion as to the credibility of a witness is based upon personal knowledge of the witness. We think the rule salutary and one that warrants adoption in Alaska.

■ Given a rule which prohibits counsel during trial from personally vouching for the credibility of a witness, our examination of the prosecutor's final argument in the case at bar leaves us unconvinced that the rule was breached. The only portion of the prosecutor's argument which is even arguably within the ambit of the rule's prohibition took place when counsel stated that the government's principal witness was "subject to the scrutiny of my office. I talked to him." [6] When this statement is viewed both in light of the whole evidentiary record in the trial and in the context in which it was made during final argument, we cannot say that the superior

1. Darling was convicted of two separate offenses involving the sale and dispensing of cocaine and sentenced to four years' imprisonment with three years suspended.

2. Examination of the record reveals that on seven occasions counsel for the state referred to Darling in such terms as "a narcotics peddler," "one man . . . who sells narcotics," and "dealing in cocaine." We note that Darling's trial counsel did not object to each separate asserted error or ask for a continuing objection.

3. Similarly, in Anderson v. State, 384 P.2d 669, 674 (Alaska 1963), we stated that "[c]ounsel should in argument confine themselves to matters within the record, or fairly deducible therefrom." (footnote omitted). *See also* Tracey v. State, 391 P.2d 732, 734 (Alaska 1964), Marrone v. State, 359 P.2d 969 (Alaska 1961). *Accord,* Garroutte v. State, 508 P.2d 1190 (Alaska 1973).

4. The state's evidence was to the effect that in January 1972 Darling provided the state's undercover agent McKelvie with marijuana and hashish. In March, Darling approached McKelvie and asked him if he wanted to purchase cocaine for $70. Later, on April 5, 1972, Darling sold McKelvie cocaine from a bundle of seven or eight one-gram slips. Subsequently, on April 7, 1972, Darling made another sale to McKelvie of cocaine for $65.

5. People v. Perez, 58 Cal.2d 229, 373 P.2d 617, 626 (1962); Annot., 81 A.L.R.2d 1241 (1962).

6. Darling points to five separate occasions where he asserts the prosecutor's argument exceeded the bounds of propriety. On three occasions counsel for the government alluded to the fact that state's chief witness was a "sworn police officer" and on one occasion counsel argued that this undercover agent was "absolutely truthful." We find nothing in the statements, standing either by themselves or in the full context in which they were made, which constitutes a violation of the rule barring counsel from personally vouching for the credibility or reliability of a witness.

court abused its discretion in denying Darling's motion for a new trial on the grounds of prosecutorial misconduct during final argument.[7]

 Darling's final point in this appeal is that the superior court erred in failing to grant a mistrial following a prejudicial remark made by the prosecutor's wife, who was a prospective juror, during voir dire of the prospective jurors. Upon being questioned by the trial judge, the prosecutor's wife indicated that she knew McKelvie, who was the state's chief witness. The trial judge then inquired:

Q: Do you feel that because of your knowledge of Mr. McKelvie's work that you would have a tendency to give greater or less weight to his testimony than you would to any other witness?

The prospective juror responded:

Um—Well, I know him to be very honest. That's all I know. . . .

Immediately after this exchange, the trial judge asked the prospective juror, as well as the entire jury panel, whether they understood that any verdict they reached must be based on the evidence produced in the courtroom, and that they "may not take into account evidence or things that . .

[they] may have heard . . . outside of the courtroom."[8] When viewed in this setting, we cannot say that the trial court abused its discretion in refusing to declare a mistrial because of the prospective juror's answer regarding McKelvie's honesty.[9]

Review of the entire record has convinced us that none of the errors asserted deprived Darling of a fair trial.[10]

Affirmed.

---

7. Johnson v. State, 501 P.2d 762, 765 (Alaska 1972); Pedersen v. State, 420 P.2d 327 (Alaska 1966).

   We note that the superior court in its instruction to the jury informed them that the arguments of counsel were not evidence in the case, and that if counsel's arguments departed from either the facts or the law, they were to be disregarded.

8. Trial counsel for Darling moved for a mistrial both at this point in the trial as well as at the conclusion of the prosecutor's final argument. After the verdicts were returned, Darling's counsel moved for a new trial based in part on the prospective juror's answer and the prosecutor's final argument. The trial court denied all motions for a mistrial or new trial.

9. A spouse of an attorney may be challenged for cause pursuant to Civ.R. 47(c)(9) as being a person "related within the fourth degree (civil law) of consanguinity or affinity to one of the parties or attorneys." Cf. Malvo v. J. C. Penney, 512 P.2d 575, 579 (Alaska 1973).

10. In its brief the state argues that the sentence imposed by the trial court was illegal because AS 17.10.200(a) required a mandatory minimum two-year period of incarceration. In Speas v. State, 511 P.2d 130 (Alaska 1973), we held that a minimum two-year sentence was not required by the statute, and therefore we find no merit in the state's contention.