**John D. HAYES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2814.**

Supreme Court of Alaska.

July 14, 1978.

---

Edgar Paul Boyko, Michael W. Sewright, Edgar Paul Boyko & Associates, Anchorage, for appellant.

Anne Carpeneti, Asst. Atty. Gen., Daniel W. Hickey, Deputy Atty. Gen. and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

MATTHEWS, Justice.

John D. Hayes was indicted on one count of concealing three stolen radios belonging to Alyeska Pipeline Service Company in violation of AS 11.20.350. He was convicted after a jury trial, sentenced to imprisonment for 18 months and fined $1,000.

■ Hayes' first point on appeal is that the trial court should have granted him a judgment of acquittal because the State relied exclusively on hearsay testimony to prove that the concealed radios were owned by Alyeska. This argument must fail for two reasons. First, much of the evidence of ownership was not inadmissible hearsay.[1] Second, no hearsay objection was made. Thus, that evidence of ownership which was hearsay was competent.[2]

■ Hayes also contends that one may not be convicted of concealing property which he has stolen. He argues that as of the close of the State's case the only evidence tending to prove that the property was stolen proved that he stole it. He advances this as an alternative reason why his motion for judgment of acquittal ought to have been granted. AS 11.20.350(a) provides in relevant part:

A person who . . . conceals money, goods, bank notes, or other thing which may be the subject of larceny and which has been taken, embezzled; or stolen from another person, knowing it to have been taken, embezzled, or stolen, is upon conviction punishable by a fine of not more than $1,000 and by imprisonment for not less than one year nor more than three years. . . .

It is true that some courts construing similar statutes have imposed a requirement that someone other than the person accused

1. *E.g.*, inventories listing by serial number two of the radios, identified as Alyeska property, were introduced in evidence. They plainly fall within the business records exception to the hearsay rule. Civil Rule 44(a)(1).

2. *Reese v. Geiermann,* 574 P.2d 445, 446 (Alaska 1978); *City of Anchorage v. Nesbett,* 530 P.2d 1324, 1336 (Alaska 1975). We reject Hayes' suggestion that the admission of hearsay evidence constitutes "plain error" which we should consider even though not objected to below. It is not error at all for a court to receive hearsay evidence without objection. *Diaz v. United States,* 223 U.S. 442, 450–52, 32 S.Ct. 250, 251–52, 56 L.Ed. 500, 503–04 (1912).

of concealing the property stole it.[3] There is other authority which holds that in a concealment case it is irrelevant whether or not the defendant was the thief.[4] In *Eliason v. State*, 511 P.2d 1066, 1072 n. 22 (Alaska 1973), this issue was raised on appeal, but not directly decided because no objection was made at trial. We indicated, however, that we would be disinclined to require proof that the concealer of property did not steal it. In accordance with *Eliason,* we now hold that AS 11.20.350(a), in cases of concealment, does not require that someone other than the defendant has stolen the property in question. The statute does not express such a requirement, and no reasons commend themselves to us why such a requirement should be taken as implied.

 In this case the trial court erroneously instructed the jury that it could find Hayes guilty of illegal concealment as to each of the three radios in question only if it determined that someone else had actually stolen each radio. Hayes contends that there was insufficient evidence to support a conviction based on this instruction because, at least as to two of the radios, "the only evidence was that if indeed anyone had stolen the two radios, appellant had stolen them. . . . " Assuming that Hayes' characterization of the evidence on this point is correct, we fail to see how it is relevant to the validity of his conviction. We will only reverse where the substantial rights of a party have been affected.[5] Insufficient proof of a point which is not an element of the offense charged does not affect substantial rights.

Three verdict forms were submitted to the jury. Hayes claims that because he was charged with but one count of concealing stolen property only one verdict form should have been submitted which required the State to prove him guilty of having illegally concealed all three radios. However, since the jury found Hayes guilty on each of the three individual forms, we find that any error was harmless.[6]

Hayes' final contention is that his sentence of 18 months in jail and a $1,000 fine is excessive. Although this was Hayes' first offense, we are unable to say after consideration of the factors outlined in *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970), that the court was clearly mistaken[7] in imposing the sentence it did.

AFFIRMED.

---

3. *E.g., People v. Daghita*, 301 N.Y. 223, 93 N.E.2d 649 (1950).

4. *E.g., State v. Carlton*, 233 Or. 296, 378 P.2d 557 (1963); *State v. Carden*, 50 Wash.2d 15, 308 P.2d 675, 676 (1957); *Walls v. State*, 491 P.2d 320, 322 (Okl. Cr. 1971).

5. Alaska Criminal Rule 47(a) states:

*Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

6. *Love v. State*, 457 P.2d 622, 631 (Alaska 1969).

7. *McClain v. State*, 519 F.2d 811, 814 (Alaska 1974).