Alan **STONEFIELD**, Appellant,

v.

**STATE of Alaska,** Appellee.

No. 5507.

Court of Appeals of Alaska.

Oct. 22, 1981.

Dana Fabe, Asst. Public Defender, and Brian C. Shortell, Public Defender, Anchorage, for appellant.

James V. Gould, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

OPINION

PER CURIAM.

Alan Stonefield appeals the sentences imposed on his plea of no contest to one count each of uttering a forged prescription, AS 17.10.170(e), and attempting to obtain a

---

narcotic drug by use of a false name, AS 17.10.170(a)(4). The charges arose from Stonefield's attempts, on two consecutive days in March, 1980, to obtain Percodan[1] tablets in excess of the amount he had been prescribed. Stonefield received sentences of eight years with three suspended on each count, to be served concurrently. The trial judge ordered Stonefield, as a special condition of probation or parole, to complete a residential drug treatment program after his period of incarceration. Stonefield contends the sentences are excessive.

Stonefield was thirty in March, 1980, divorced with no dependents. He graduated from high school and since then has had a string of short term jobs, many involving work at sawmills and restaurants. Although the jobs tended to be of short duration, Stonefield has been relatively steadily employed, and his job performance has been satisfactory or better.

Stonefield's adult criminal record is lengthy.[2] He was on parole from a prior offense at the time the current crimes were committed. For the six months preceding these offenses, Stonefield had failed substantially to comply with the drug-free requirement of his parole.[3]

In April, 1980, following his arrest, Stonefield entered Akeela House, a structured residential program for drug abusers. He remained there until his sentencing four months later. Testimony presented at the sentencing hearing indicated Stonefield performed well in Akeela House. He moved into a leadership role, did some work with high school groups in the community, and showed gradual but steady changes. His Akeela House social worker and TASC case manager described him as highly motivated to overcome his drug problem; both concluded that his motivation to succeed at Akeela House was not based simply on a desire to avoid jail, and that if Stonefield were incarcerated he would lose the progress he had made. They recommended continued treatment at Akeela House for at least one year.

Defense counsel argued that Stonefield should receive a prison sentence suspended contingent on his completing the Akeela House program.[4] The sentencing judge rejected this alternative, citing Stonefield's criminal record, his record of past broken promises to reform, and the fact that he was on parole at the time of the current offense. He accepted that Stonefield had made "satisfactory progress" at Akeela House, but concluded that deterrence of the offender, deterrence of others, and reaffirmation of societal norms warranted incarceration.

We do not find that the trial judge was clearly mistaken in rejecting the option to continue Stonefield in a residential drug treatment program and in imposing a substantial sentence. He adequately considered Stonefield's rehabilitation when he provided for him to enter a residential drug treatment program after his release from

1. Percodan is a Class II narcotic, related to codeine, used mainly as a pain reliever.

2. Between 1968 and 1976, he had five convictions for being a minor in possession of alcohol, misdemeanor convictions for petty larceny, trespass, possession for sale, and disorderly conduct, and one felony, receiving and concealing stolen property. For this last offense, he served 90 days and successfully completed two years probation. In June, 1978, Stonefield pled guilty to sale of amphetamines to a minor, possession of amphetamines with intent to sell, and careless use of a firearm, all arising out of a single transaction.

3. Stonefield was paroled in April, 1979, to the Studio Club with a requirement of monitoring by Treatment Alternatives to Street Crimes [TASC]. It is unclear what type of program or

supervision Studio Club offered him. During the six months preceding his arrest, Stonefield missed four scheduled appointments for urinalysis; his urinalyses showed positive for amphetamines three times, for cocaine twice, and for opiates once.

4. AS 17.10.200(a) provides for a sentence of two to ten years and up to a $5,000 fine for a first offender. Stonefield was a first offender under chapter 10. The two-year minimum has been implicitly repealed, and the suspended sentence and suspended imposition of sentence provisions of AS 12.55.080 and .085(a) apply to Title 17. *Darling v. State*, 520 P.2d 793, 795 n.10 (Alaska 1974); *Speas v. State*, 511 P.2d 130, 134 (Alaska 1973).

jail. The trial judge concluded that it was necessary for Stonefield to serve time in jail before he was placed in a drug treatment program. This conclusion does not appear unwarranted in light of the fact that this was Stonefield's third felony conviction and his second felony involving drugs. Furthermore, Stonefield was on parole at the time these offenses were committed, and he had failed to remain drug-free on parole.

On the other hand, we do not believe that the record justifies Stonefield receiving a sentence in excess of a total of five years. A sentence "ought not to exceed ten years except in unusual cases and normally should not exceed five years."[5] Stonefield's current offenses basically involved an attempt to obtain drugs for his own use without any intent to sell. This would place him within the third category of offenses under the criteria set forth in *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971).[6] In spite of Stonefield's history of drug abuse he has managed to keep himself regularly employed in a number of jobs, and his employment record is good. The fact that he was able to participate successfully in the Akeela House program for four months before his sentencing is also a factor in Stonefield's favor. We conclude that Stonefield should not have received a total sentence in excess of five years.[7]

REVERSED and REMANDED for further sentencing proceedings.

5. ABA Standards, Sentencing Alternatives and Procedures § 2.1, at 1 (Approved Draft, 1971); *Pascoe v. State*, 628 P.2d 547, 550 (Alaska 1980). In *Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974), the supreme court adopted the view of the ABA Standards that "except for cases involving particularly serious offenses, dangerous offenders and professional criminals, maximum prison terms should not exceed five years."

6. In *Waters*, the supreme court established the following categories of drug offenses:

   1. Smuggling or sale of large quantities of narcotics or possession of large quantities for sale.

   2. Smuggling or sale of small quantities of narcotics, or possession of small quantities for sale.

   3. Possession of narcotics without intent to sell.

   4. Marijuana offenses.

7. Whether Stonefield's sentence should be five years of incarceration or less and whether the sentencing goals can best be met by suspending a portion of Stonefield's sentence is a matter which we leave to the discretion of the trial judge.