Travis Dean **WILLIAMS**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 5993.

Court of Appeals of Alaska.

July 23, 1982.

---

Dick L. Madson, Cowper & Madson, Fairbanks, for appellant.

Elizabeth H. Sheley, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Travis Dean Williams was convicted based upon an indictment which charged him with second degree theft in violation of AS 11.46.130(a).[1] Williams has appealed his

---

1. Sec. 11.46.130. *Theft In The Second Degree.*

 (a) A person commits the crime of theft in the second degree if he commits theft as defined in sec. 100 of this chapter and .

(1) the value of the property or services is $500 or more but less than $25,000;
(2) the property is a firearm or explosive; or
(3) the property is taken from the person of another.

conviction to this court, raising several issues. We affirm.

Northwestern Construction Company owns a yard in Fairbanks where the Company had stored approximately 275 ripper teeth,[2] along with supplies other equipment and materials. David McCarter, supervisor of the yard, testified that on July 11, 1980, in the course of his weekly yard inspections he found that the ripper teeth were gone. In an attempt to locate the missing ripper teeth he began calling various construction businesses in town where he thought someone might try to sell them. One of the places he called, Jackovich Tractors, told him that they had recently purchased some new ripper teeth from Travis Dean Williams. McCarter assumed that he had found some of the ripper teeth and reported the theft to the Alaska State Troopers. During their investigation of the case the troopers found that on July 9, 1980, Green Construction Company had also purchased a large quantity of ripper teeth from Williams. Trooper Rod Harvey later interviewed Williams, who indicated that he had sold the ripper teeth from the Northwestern Construction Company yard to both Green and Jackovich.

The grand jury issued an indictment against Williams charging him with second degree theft. At trial Williams admitted that he had taken and sold the ripper teeth, but defended on the ground that he was given permission to do so. Williams testified that David McCarter asked him to sell the ripper teeth for him. According to Williams, McCarter had indicated to him that he had authority over all of the items in the yard. Williams claimed that McCarter gave him a key to the lock for the yard where the ripper teeth were located.

The state introduced evidence to support the theory that Williams had no authority or permission to either take or sell the ripper teeth. McCarter testified that he had never given anyone permission to either take or sell the ripper teeth. McCarter also stated that prior to his inspection on July 11, 1980, he had no knowledge of the key that Williams claimed McCarter had given him.

On January 29, 1981, the jury convicted Williams of second degree theft. Based upon this conviction Williams was sentenced to serve five years with three years suspended. In addition, Williams was sentenced to pay a $5,000 fine.

Williams first contends that the indictment charging him with theft did not give him proper notice of the offense with which he was charged. The indictment[3] charged Williams with theft of the ripper teeth, but did not allege a specific theory of theft.[4] Williams claims that the evidence presented at the grand jury showed that the state's theory was that Williams had personally

---

(b) Theft in the second degree is a class C felony.

2. Ripper teeth are heavy metal teeth which are pulled behind a tractor to break up hard ground. A single ripper tooth is a heavy metal spike which weighs about 30 pounds. Testimony at trial established that a ripper tooth would sell at retail for about $50 to $67.

3. The grand jury indictment reads in pertinent part as follows:

That on or about the 5th through the 11th days of July, 1980, at or near Fairbanks, in the Fourth Judicial District, State of Alaska, Travis Dean Williams did unlawfully commit the theft of approximately 275 ESCO ripper teeth, the property of Northwestern Construction Company, said property having a value of $500 or more.

All of which is a class C felony offense being contrary to and in violation of AS 11.-

46.130(a) and against the peace and dignity of the State of Alaska.

4. The various theories of theft are set out in AS 11.46.100:

*Theft defined.* A person commits theft if
(1) with intent to deprive another of property or to appropriate property of another to himself or a third person, he obtains the property of another;
(2) he commits theft of lost or mislaid property under § 160 of this chapter;
(3) he commits theft by deception under § 180 of this chapter;
(4) he commits theft by receiving under § 190 of this chapter;
(5) he commits theft of services under § 200 of this chapter; or
(6) he commits theft by failure to make required disposition of funds received or held under § 210 of this chapter.

stolen the ripper teeth and that this is the charge against which he was prepared to defend. However, at the close of the evidence at trial the state offered jury instructions on the charge of theft by receiving[5] and the judge instructed only on this theory of theft. Williams was ultimately convicted on the theft by receiving theory.

We believe that the indictment adequately informed Williams of the offense with which he was charged and therefore find no due process violation. The different theories of theft are set out in AS 11.46.100.[6] AS 11.46.110(b) provides that:

> (b) An accusation of theft is sufficient if it alleges that the defendant committed theft of property or services of the nature or value required for the commission of the crime charged without designating the particular way or manner in which the theft was committed.

The commentary to the code which discusses AS 11.46.110, quoting 1978 Senate Journal Supp. No. 47, at 32 (June 12, 1978), explains that:

> Section 110 specifies the procedural consequences resulting from the consolidation of theft offenses. Under the Code a charge of theft is sufficient without designating the particular means by which the property or services was obtained. The section serves to underscore one of the chief aims of the article: elimination of the confusing distinctions among the most typical theft offenses.

The State of Oregon, which has a statute similar to AS 11.46.110(b), has upheld indictments that merely allege theft and do not specify the theory of theft that is charged. *State v. Jim*, 13 Or.App. 201, 508 P.2d 462, 463–65 (1973). We see no reason not to follow the decision of the Oregon court in *Jim* and fulfill the clear legislative purpose of AS 11.46.110(b). The common law has long been plagued with confusing and narrow distinctions between various forms of larceny. The criminal code attempts to eliminate some of these problems by consolidating several larceny offenses in AS 11.46.100 under the single offense of theft. With this statutory scheme a person charged with theft is put on notice that he may be convicted of theft under different theories.

The accused is not without remedies in finding out more specifically the crime with which he is charged. He has access to the record of the grand jury proceeding under Alaska Rule of Criminal Procedure 6(m).[7] An accused can also ask for a bill of particulars under Alaska Rule of Criminal Procedure 7(f).[8] Liberal discovery of the state's case is also permitted under the provisions of Alaska Rule of Criminal Procedure 16. Given these liberal discovery rules, we conclude that an accused does have the ability to obtain adequate discovery of the state's case and to get adequate notice of the state's theory or theories of prosecution. We therefore find no merit to Williams' attack on the indictment.[9]

5. AS 11.46.190 provides:
   *Theft By Receiving.*
   (a) A person commits theft by receiving if he buys, receives, retains, conceals, or disposes of stolen property with reckless disregard that the property was stolen.
   (b) As used in this section, "receives" includes acquiring possession, control, or title, or lending on the security of the property.

6. *See* note 3 *supra*.

7. Alaska R.Crim.P. 6(m) reads as follows:
   *Availability of Grand Jury Record to Defendant.* Upon request, a defendant shall be entitled to listen to the electronic recording of the grand jury proceedings and inspect all exhibits presented to the grand jury. Upon further request he may obtain a transcript of

such proceedings and copies of such exhibits. The trial of the case shall not be delayed because of the failure of a defendant to request the transcript.

8. Alaska R.Crim.P. 7(f) reads as follows:
   *Bill of Particulars.* The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

9. Williams contends that the indictment is defective because, if Williams were charged with theft for actually taking the property the state

◼ In a related argument, Williams contends he was unfairly surprised when the jury was ultimately instructed on the theory that Williams had committed theft by receiving stolen property. Williams claims that since he was charged in the indictment generally with theft and all the evidence, including his own admissions that he had taken the property, indicated that the state's theory of theft had to be that Williams himself had stolen the property, he had prepared to defend against a charge that he had stolen the property. We believe the record indicates that Williams was given adequate notice of the state's theory that he was guilty of theft by receiving. First, the theft statute itself indicates that theft by receiving is one of the possible theories of theft. AS 11.46.100. Second, the courts in this state have held that it is permissible to charge the person who stole property with receiving or concealing that stolen property, at least as long as he is not convicted of both larceny and receiving or concealing stolen property. *Sundberg v. State*, 636 P.2d 619, 621 (Alaska App.1981); *Pierce v. State*, 627 P.2d 211, 218–20 (Alaska App.1981); *Hayes v. State*, 581 P.2d 221 (Alaska 1978). Third, the grand jury record indicates that Williams had notice that the state was proceeding, at least in part, on the theory that Williams was guilty of theft by receiving. At both the beginning and end of the grand jury proceeding the district attorney informed the grand jurors that in order to indict Williams for theft they did not have to find that he actually took the ripper teeth; they could also find that he committed theft by receiving stolen property knowing that it was stolen. We

find that Williams' claim that he was unfairly surprised by the fact that the jury was instructed on the theft by receiving theory has no merit.

◼ Williams also contends that no evidence was presented at trial on which the jury could have been instructed on a theory that he was guilty of theft by receiving. He argues that the court should have granted his motion for judgment of acquittal on the state's theft by receiving theory. Williams' basic argument is that the testimony established that he was the person who took the property. He therefore contends that he could only be convicted on a theory that he was the person who took the property, not on a theory that he was guilty of theft by receiving. *Hayes v. State*, 581 P.2d 221 (Alaska 1978), seems to dispose of Williams' contention. In that case the supreme court held that it was proper, under the former receiving or concealing stolen property statute,[10] to convict a person of that offense even though the evidence tended to show that he was the thief and had not received the property from anyone. *Id.* at 223. We followed that decision in two recent cases, *Sundberg v. State*, 636 P.2d 619, 620–21 (Alaska App.1981), and *Pierce v. State*, 627 P.2d 211, 219–20 (Alaska App.1981). Those two cases were also decided under the former criminal code. However, the current code section is substantially the same as the former code section and we therefore find that *Hayes* is controlling on our interpretation of the current code.[11] We conclude the trial court did not err in instructing the jury on a theft by receiving theory and did

would have to show that he took the property "with intent to deprive another of property" under AS 11.46.100. Under a theory of theft by receiving the state has to show that Williams acted "with reckless disregard" of whether the property was stolen. AS 11.46.190. We believe that because AS 11.46.110(b) allows the state to generally allege theft without specifying the theory by which it was committed, the state is necessarily allowed to charge different theories of theft in the same indictment even if some of the theories have different mental states.

10. Former AS 11.20.350 read as follows:

*Buying, receiving, or concealing stolen property.* A person who buys, receives, or conceals money, goods, bank notes, or other thing which may be the subject of larceny and which has been taken, embezzled, or stolen, from another person, knowing it to have been taken, embezzled, or stolen, is punishable by a fine of not more than $1,000 and by imprisonment for not less than one year nor more than three years.

11. The current theft by receiving statute is set out in note 4 *supra*.

not err in refusing to grant Williams' motion for judgment of acquittal.[12]

█ Williams also objects to the instruction which the trial court gave on theft by receiving, arguing that the instruction was erroneous because the term "recklessly" was not defined for the jury.[13] We have reviewed the record and find that although Williams objected to the theft by receiving instruction his objection was on the ground that the evidence was insufficient to support a theft by receiving instruction. We conclude that Williams did not properly preserve his objection under Alaska Rule of Criminal Procedure 30(a).[14] Therefore Williams is required to show that the failure to

define "recklessly" constitutes plain error.[15] The meaning of "recklessly" is well within the comprehension of the average juror and the code definition appears to be a common sense definition of the term.[16] We do not find that the failure to define the term "recklessly" constituted plain error.[17]

The conviction is AFFIRMED.

---

**12.** It was not error for the trial judge to fail to instruct the jury on theft by taking property under AS 11.46.100(1). AS 11.46.100(1) reads as follows: "A person commits theft if (1) with intent to deprive another of property or to appropriate property of another to himself or a third person, he obtains the property of another." There was sufficient evidence for the jury to convict Williams on a theft by receiving theory. The fact that the jury might have either convicted or acquitted him on another theory of theft is not relevant.

**13.** The instruction which the trial court gave reads as follows:

The law applicable to the crime of Theft in the Second Degree as charged in the Indictment is as follows:

A person commits the crime of theft in the second degree if he receives, retains, conceals, or disposes of stolen property with reckless disregard that the property was stolen, and the value of the property is $500.00 or more.

In order to establish the crime of theft in the second degree, it is necessary for the State to prove beyond a reasonable doubt the following:

1. That the event in question occurred at or near Fairbanks, Alaska, and on or about the 5th through the 11th days of July, 1980;

2. That Travis Dean Williams received, retained, concealed or disposed of stolen property, being approximately 275 ESCO ripper teeth;

3. That the defendant recklessly disregarded that the property was stolen; and

4. That the value of the property was $500.00 or more.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you shall find the defendant guilty.

If, on the other hand, you find from your consideration of the evidence that any of

these propositions has not been proved beyond a reasonable doubt, then you shall find the defendant not guilty.

**14.** Alaska R.Crim.P. 30(a) provides in part: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections."

**15.** An appellant who raises plain error "must shoulder the heavy burden of demonstrating that the alleged misconduct raises a substantial and important question." *Garroutte v. State*, 508 P.2d 1190, 1191 (Alaska 1973) (footnote omitted). The appellant must also show the error was "obviously prejudicial." *Kugzruk v. State*, 436 P.2d 962, 964 (Alaska 1968).

**16.** Recklessly is defined in AS 11.81.900(a)(3) as follows:

(3) a person acts "recklessly" with respect to a result or to a circumstance described by a provision of law defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists; the risk must be of such a nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation; a person who is unaware of a risk of which he would have been aware had he not been intoxicated acts recklessly with respect to that risk;

**17.** *See Thomas v. State*, 391 P.2d 18 (Alaska 1964), where the court held an instruction on the elements of the crime of robbery was sufficient despite the lack of a definition of the word "steal." In *Thomas* the defendant had not requested a definition of the word "steal."